**IN THE COURT OF APPEALS OF IOWA**

No. 15-1135
Filed June 15, 2016

**GERALD D. SMITH JR.,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Calhoun County, William C. Ostlund, Judge.

        A postconviction-relief applicant appeals the district court's summary dismissal of his application. **AFFIRMED.**

        Gerald D. Smith Jr., Rockwell City, pro se.

        Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for appellee State.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

In 1998, Gerald Smith was convicted of attempted murder and sentenced to twenty-five years in prison with a 70% mandatory minimum.[1] He contends his earned time credit, as calculated under Iowa Code section 903A.2 (2015), should apply to reduce his 70% mandatory minimum term under section 902.12. In granting the State's motion for summary judgement, the district court ruled:

> The two statutes at issue in this case are Iowa Code sections 902.12 and 903A.2. The first statute addresses the minimum amount an inmate must serve in prison before they are eligible for parole or work release. The second section addresses the amount of earned time an inmate may accumulate towards decreasing their overall sentence. Applicant's position is that the earned time should apply to the mandatory minimum in section 902.12. This position is unsupported. These two statutes address different matters: the first statute addresses eligibility for parole or work release while the second statute addresses discharge date. The two code sections cannot be applied to each other; they are each applied to an inmate's overall sentence. This issue has also been addressed in two unpublished Iowa Court of Appeals cases, *Ross v. State*, [No. 12-0589, 2014 WL 2345392, at *1] (Iowa Ct. App. [May 29,] 2014) and *Williams v. State*, [No. 06-1432, 2007 WL 1827334, at *1] ([Iowa Ct. App. June 27,] 2007). Both cases support the court's conclusion that an inmate serving a category "B" sentence must serve seventy percent of his total sentence to be eligible for parole and earned time can only be applied to the total sentence.

We agree with the district court's decision and affirm its grant of summary judgment without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**

---

[1] Smith was also sentenced to twenty-five years for a burglary conviction. The two, twenty-five-year sentences were ordered to run consecutively for a total term of fifty years. However, the 70% mandatory minimum was only applicable to the attempted murder conviction, so it is only that conviction that is an issue in this appeal.